IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LIONHEART FUNDING, LLC;

    Plaintiff,

vs.

Case No.

LEGAL RISK SERVICES, INC;
VINCENT JOSEPH SMITH;

    Defendants.

_____/

## **COMPLAINT**

Plaintiff sues the Defendants as follows:

1. Plaintiff's members are individuals, namely Thaddeus H. Voss, an individual domiciled in and a citizen of Florida per 28 U.S.C. § 1332.

2. Defendant Legal is incorporated in Pennsylvania, the location of its principal place of business, whose owner and officer is Vincent Smith, domiciled in and a citizen of Pennsylvania.

3. Per 28 U.S.C. § 1332, jurisdiction exists in this case based on diversity of citizenship between the parties. The sum in controversy exceeds $76,000.00, such as relief in law or equity. The case concerns debt, property and relief valued over $76,000.00, including damages and fees recoverable by contract/statute. Per § 1367, jurisdiction exists over all claims.

4. Defendants are related to each other and bound by the Loan, per their ratification of same, property secured by the debtor or misconduct in which they participated. It was foreseeable they are subject to the debt at issue.

## The Parties

5. This matter involves [Business], a legal services plan, owned by the other Defendants.

6. Business applied for a commercial Loan [Loan] at Plaintiff's Florida office, whose agents including the individual Defendants, upon information, represented in the application that they could bind Business, had the ability and intent to comply with the Loan, whose application information was truthful, upon which Plaintiff materially relied in providing the Loan, which Defendants ratified.

7. The Loan was underwritten from Plaintiff's Florida office which communicated with the Defendants at their above locations as a part of this transaction.

## The Commercial Loan

8. This matter involves a commercial loan dated 08/03/22 [Closing] at which time Plaintiff paid $400,000.00 to purchase receivables from Business valued at $679,600.00, collected by debiting certain receipts from Business's bank account until the full purchase price was received, as evidenced by the Standard Merchant Cash Advance Agreement [Loan Agreement ¶ 1].

9. Business executed a commercial Note and the other Defendant executed a Guaranty evidencing the Loan under the Standard Merchant Cash Advance Agreement, which continues in full force and effect by ACH payments on the debt until satisfied [Loan Agreement ¶ 6-7].

10. Business and the other Defendant represented that they made the Loan in the ordinary course of their business whose financial information was fully accurate which induced Plaintiff to enter into the Loan [Loan Agreement ¶¶ 9, 11, 21].

11. The Loan is also secured interest in Business's receivables as evidenced by the Loan Security Agreement [Loan Agreement ¶ 33].

12. The Loan has numerous protections against at least 19 conditions of default, including failure to make payments for which Plaintiff has a power of attorney [Loan Agreement ¶¶ 16, 17, 37].

13. The Loan is enforceable by legal and equitable remedies [Loan Agreement ¶35] and is governed by New York law [Agreement ¶ 39].

14. Upon information, all Defendants benefited from the funds evidenced by the Loan to which they consented, benefitted and ratified.

## Breach of the Commercial Loan

15. <u>Defendants assumed, adopted and ratified the Loan by obtaining it and accepting and retaining its Funds. They paid themselves from Business's property and assets secured by the Loan and the Funds, without paying the Loan, from which they benefited, but did not intend to satisfy.</u>

16. Defendants breached and defaulted on the Loan and Instruments, just after the Closing, failing to disclose their debts or other issues and ceasing Loan payments. They dissipated, disposed of and benefitted from property and assets secured by the Loan such those of Business, who paid themselves instead of the Loan. They did not cure these issues after demand by Plaintiff. These matters require equitable relief as there is no adequate legal remedy.

17. Defendants engaged in their misconduct to impair, hinder, delay and prevent enforcement of the Loan, after the Closing, which they did not cure after demand by Plaintiff.

18. These matters require equitable relief as there is no adequate legal remedy.

19. Plaintiff owns and holds the defaulted Loan and has standing to enforce the Loan before commencing suit, for its principal balance, attorney's fees, pre-judgment interest and other charges provided by law and its terms

20. Plaintiff reasonably relied upon the representations of Defendants through them and the Business, which closed the Loan and paid them the Funds as a result.

21. Defendants accepted, benefitted from and ratified the Loan but unjustly retain the Funds at Plaintiff's expense with their property and assets.

22. Defendants are indebted to Plaintiff for the Funds for which their property and assets are or should be secured by the Instruments, as they knew, who are not prejudiced or subjected to injustice by enforcing the Loan as to them.

23. All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

### COUNT I:  ENFORCEMENT OF SECURED INSTRUMENTS AS TO ALL DEFENDANTS

24. ¶¶ 1-23 are incorporated.

25. The Loan Agrement, the Note and Guarantees, namely the Instruments are intended to bind all recipients and beneficiaries of the Loan Funds, to secure their property and assets as collateral.

26. Defendants assumed, adopted, ratified and benefitted from the Loan by accepting and retaining their Funds and its collateral, subject to the terms of the Instruments.

27. The Instruments are secured by all property and assets of Defendants, which they assumed, adopted and ratified and for which they are jointly obligated.

28. Plaintiff requires enforcement of the Instruments as to Defendants, their property and assets due to their conduct, including their default upon and breach of the Loans, per the intent of the secured Loan Instruments and equitable principles.

29. Plaintiff requires this equitable relief which will not prejudice the Defendants for which there is no adequate legal remedy given these matters.

30. Per 28 U.S.C. § 2201 *et seq* and applicable law, Plaintiff requests the Court declare and establish all Defendants are jointly liable for the Instruments for which their property and assets are secured as collateral, enforceable as a secured lien, equitable lien, constructive trust or like relief, relating back to the Closing, granting all just relief, such as its other relief.

## COUNT II:  BREACH OF INSTRUMENTS
## AS TO ALL DEFENDANTS

31. ¶¶ 1-23 are incorporated.

32. Defendants consented to and ratified the Instruments by accepting the Funds for which they are liable as co-guarantors and obligors under the Loan.

33. Defendants breached the Instruments, failed to make payments, who did not otherwise comply with their terms, which are now in default and due.

34. Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

35. Plaintiff demands judgment for its damages on the Instruments as to Defendants in a principal sum exceeding $76,000.00, fees, interest, costs, charges, just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

36. ¶¶ 1-23 are incorporated.

37. Defendants induced and encouraged Plaintiff to confer the Funds upon them through them and the Business of which they assumed, adopted and ratified.

38. Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

39. Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

40. Plaintiff is entitled to prejudgment interest and other costs and charges provided by law.

41. Plaintiff demands judgment as to Defendants for the Funds, in a principal sum in excess of $76,000.00, costs and all just relief, such as its other remedies.

## COUNT IV:  MONEY HAD AND RECEIVED
## AS TO ALL DEFENDANTS

60. ¶¶ 1-23 are incorporated.

61. Defendants wrongfully induced payment of the Funds which they received, hold and which rightfully belong to Plaintiff.

62. Defendants should not retain and unjustly enrich themselves with the Funds Plaintiff's expense to which it is entitled in good conscience and equity.

63. Plaintiff made demand for repayment of the Funds upon Defendants by and/or through Debtor which was refused and/or unnecessary and/or futile.

64. Plaintiff demands judgment as to Defendants for the balance of the Funds, in a principal sum in excess of $76,000.00, costs and just relief, including its other remedies.

65. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and are not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 6th day of January 2022.

By: /s/Paul G. Wersant
Paul G. Wersant
S.D. Fla. Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff